IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALLSTATE INDEMNITY COMPANY                                             PLAINTIFF

VS.                                                      CAUSE NO.  1:18-cv-400-LG-RHW

LASHONDA JOHNSON, RENA DAVIS,
AND TRIDGET DAVIS                                                 DEFENDANTS

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Allstate Indemnity Company, by and through counsel, and files this its Complaint for Declaratory Judgment against the above named Defendants, and in support thereof would show unto this Honorable Court the following:

**I. PARTIES**

1.

Plaintiff, Allstate Indemnity Company ("Allstate"), is an insurance company organized under the laws of the State of Illinois, is domiciled in Illinois with its principal place of business in Illinois, and it is duly licensed in the State of Mississippi.

2.

Defendant, Lashonda Johnson, is an adult resident citizen of the State of Mississippi, and she may be served with process at 2414 30th Street, Unit 3, Gulfport, Mississippi 39038, which is where she resides.

3.

Defendant, Rena Davis, is an adult resident citizen of the State of Mississippi, and she may be served with process at 715 Pine Street #A, Belzoni, Mississippi 39038.

4.

Defendant, Tridgett Davis, is an adult resident citizen of the State of Mississippi, and he may be served with process at 2414 30th Street, Unit 3, Gulfport, Mississippi 39038, which is where he resides.

## II. JURISDICTION AND VENUE

5.

This Court has subject matter jurisdication over this action pursuant to 28 U.S.C. § 1332 as the parties to the action are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as two of the three Defendants reside and/or are located within the Southern District of Mississippi and a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Mississippi.

## III. FACTS

7.

Allstate issued an auto insurance policy designated as Policy No. 810629308 to Lashonda Johnson (the "Allstate Policy" or the "Policy"). The effective dates of the policy are November 17, 2016, to May 17, 2017. A true and correct copy of the Policy with applicable endorsements is attached hereto as Exhibit "A", along with a true and correct copy of the declarations page pertaining to said policy.

8.

The Policy includes liability coverage and other coverages. The coverages relate to a 2004

GMC Yukon SUV purportedly owned by Lashonda Johnson. The applicable limits of the automobile liability insurance coverage for bodily injury under the Allstate Policy is $25,000 for each person and $50,000 for each occurrence.

9.

A complaint was filed in the Circuit Court of Leflore County, Mississippi, by Rena Davis and Tridget Davis against Lashonda Johnson (the "Davis Complaint" or the "Davis Lawsuit"). A copy of the Davis Complaint is attached hereto as Exhibit "B", and incorporated herein by reference.

10.

The Davis Complaint alleges that on December 4, 2016, Rena Davis and Tridget Davis were passengers in an automobile driven by Lashonda Johnson in Harrison County, Mississippi. The subject automobile was covered by the Allstate Policy. The Davis Complaint additionally alleges that due to the negligence of Lashonda Johnson, a collision occurred which caused Rena Davis and Tridget Davis to incur injuries and damages. Both Rena Davis and Tridget Davis allege that they have incurred expenses for medical treatment and have incurred other damages.

11.

The collision which is described in the Davis Complaint allegedly occurred when Lashonda Johnson struck a pole after a deer ran in front of her. The investigation indicates that the collision did not occur under the circumstances claimed by the Defendants.

12.

The Allstate Policy provides as follows:

**Part 1 – Automobile Liability Insurance**

**Bodily Injury Liability – Coverage AA**

**General Statement of Coverage**

If a premium is shown on the Policy Declarations for Bodily Injury Liability Coverage and Property Damage Liability Coverage, Allstate will pay damages which an **insured person** is legally obligated to pay because of:

1. **bodily injury** sustained by any person, and

2. damage to, or destruction of property.

**We** will defend an **insured person** sued as a result of a covered accident involving an **insured auto**.

**Exclusions – What is Not Covered**

**Allstate** will not pay for any damages an **insured person** is legally obligated to pay because of:

6. **bodily injury** or property damage intended by, or reasonably expected to result from, the intentional or criminal acts or omissions of an **insured person**.  This exclusion applies even if

    a. an **insured person** lacks the mental capacity to control or govern his or her conduct;

    b. an **insured person** is temporarily insane or temporarily lacks the mental capacity to control or govern his or her conduct or is temporarily unable to form any intent to cause **bodily injury** or property damage;

    c. such **bodily injury** or property damage is of a different kind or degree than intended or reasonably expected; or

    d. such **bodily injury** or property damage is sustained by a different person than intended or reasonably expected.

This exclusion applies regardless of whether an **insured person** is actually charged with, or convicted of, a crime.

> This exclusion precludes coverage for any **insured person** under the policy regardless of whether the person seeking coverage participated in any way in the intentional or criminal acts or omissions.

13.

Following the investigation by Allstate into the alleged collision described above, Allstate concluded that the purported accident described in the Davis Complaint did not occur under the circumstances as described and that the foregoing exclusion may apply to the claim. As stated further below, Allstate seeks a declaratory judgment stating whether there is coverage under the Allstate Policy, and Allstate requests that the Court determine whether the foregoing exclusion applies to the claim.

14.

The Allstate policy further provides as follows:

**Assistance And Cooperation of The Insured**

> An insured person must cooperate with **us** in the investigation, settlement and defense of any claim or lawsuit. If **we** ask, that person must also help us obtain payment from anyone who may be jointly responsible.

15.

During its investigation of the claim, Lashonda Johnson failed and refused to cooperate with and provide information to Allstate which was necessary to the investigation. Lashonda Johnson refused to truthfully answer questions and provide information which was relevant to Allstate's investigation. For these reasons, there is no liability coverage for Lashonda Johnson for the claims asserted by Rena Davis and Tridget Davis against her pursuant to the provision of the Allstate policy quoted above. Allstate seeks a declaratory judgment finding that there is no

such coverage under the Allstate Policy as a result of Lashonda Johnson's breach of the foregoing provision of the said policy.

16.

The Allstate policy further provides as follows:

**Fraud or Misrepresentation**

**We** do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance.

17.

During its investigation into the claim, Lashonda Johnson concealed and misrepresented material facts and circumstances.  For these reasons, Allstate denied that there is liability coverage for Lashonda Johnson for the claims asserted by Rena Davis and Tridget Davis against her pursuant to the provision of the Allstate policy quoted above.  Allstate seeks a declaratory judgment finding that there is no such coverage under the Allstate Policy as a result of Lashonda Johnson's breach of the foregoing provision of the said policy.

18.

Allstate has offered to provide a defense to Lashonda Johnson in the Davis Lawsuit under a reservation of rights.

**IV. DECLARATORY RELIEF SOUGHT**

19.

Allstate seeks a declaratory judgment by this Court that there is no liability coverage under the Allstate Policy for the claims of Tridget Davis and Rena Davis against Lashonda Johnson arising out of the alleged collision described in the Davis Complaint.  Allstate further

requests that the Court enter a declaratory judgment finding that Allstate has no duty to defend Lashonda Johnson in the Davis Lawsuit. Allstate further requests that the Court enter a declaratory judgment finding that Allstate owes no other duties to Lashonda Johnson, Rena Davis, and Tridget Davis and that there are no coverages available for any of the Defendants under the Allstate Policy. The relief requested herein is appropriate under Fed. R. Civ. P. 57 and 22 U.S.C. § 2201, et seq.

     WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Allstate Indemnity Company, prays that this Court enter a declaratory judgment that there is no coverage under the Allstate Policy attached hereto as Exhibit "A" for the claims of Rena Davis and Tridget Davis against Lashonda Johnson arising out of the alleged collision described in the Davis Complaint, and further requests that the Court enter a declaratory judgment finding that Allstate has no duty to defend Lashonda Johnson in the litigation arising out of the Davis Complaint. Allstate Indemnity Company further prays that this Court enter a declaratory judgment that there is no coverage under the Allstate Policy attached hereto as Exhibit "A" for any claims of Tridget Davis, Rena Davis and Lashonda Johnson arising out of the alleged collision described in the Davis Complaint. Allstate Indemnity Company prays for any other relief which this Court deems appropriate in the premises, whether general or specific, equitable or legal.

     This the 18$^h$ day of December, 2018

                    Respectfully submitted,

                    **ALLSTATE INDEMNITY COMPANY**
                    BY: WILKINS PATTERSON, P.A.

                    BY: */s/ Robert R. Stephenson*
                        ROBERT R. STEPHENSON (MSB No: 10772)

Wilkins Patterson Smith Pumphrey & Doty, P.A.
4735 Old Canton Road (39211)
Post Office Box 13429
Jackson, Mississippi 39236-3429
Phone: (601) 366-4343
Fax: (601) 981-7608
Email: bstephenson@wilkinspatterson.com

*Attorneys for Plaintiff*