IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALLSTATE INDEMNITY COMPANY** § | | **PLAINTIFF** |
| § | | |
| § | | |
| v. § | | Civil No. 1:18cv400-HSO-RPM |
| § | | |
| § | | |
| **LASHONDA JOHNSON, et al.** § | | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF ALLSTATE INDEMNITY COMPANY'S MOTION [79] FOR DEFAULT JUDGMENT AND DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS

BEFORE THE COURT is a Motion [79] for Default Judgment and Declaratory Judgment Against All Defendants filed by Plaintiff Allstate Indemnity Company on June 17, 2020. No Defendant has responded to the Motion [79]. After consideration of the Motion, the record in this case, and relevant legal authority, the Court finds that Allstate's Motion [79] should be granted, and that a declaratory judgment should be entered against all Defendants.

### I. BACKGROUND

A. Facts

Defendant Lashonda Johnson ("Johnson") held an automobile insurance policy (the "Policy") with Plaintiff Allstate Indemnity Company ("Allstate"), which included automobile liability insurance limits for bodily injury of $25,000.00 for each person and $50,000.00 for each occurrence. *See* Declarations [1-1] at 7. The Policy provided that Allstate "will defend an **insured person** sued as a result of a

covered accident involving an **insured auto**." Policy [1-1] at 2 (emphasis in original).

In a separate action filed in state court, Defendants Rena Davis ("Rena") and Tridget Davis ("Tridget") (collectively, "Davis Defendants") claimed that they were passengers in a car owned and operated by Johnson when a deer ran across the road in front of the vehicle. State Ct. Compl. [1-2] at 3. According to the Davis Defendants, Johnson lost control of the vehicle and struck a light pole, causing them injuries. *See id.* The Davis Defendants filed a complaint seeking damages in the Circuit Court of Leflore County, Mississippi, and asserting that Johnson's negligence caused the accident. *See id.* Rena sought damages in the state-court action "in the amount of $50,000 or such other amount as may be shown to be reasonably due herein based on the evidence presented at trial," while Tridget sought damages "in the amount of $200,000 or such other amount as may be shown to be reasonably due herein based on the evidence presented at trial." *Id.* at 5.

B. Procedural History

Allstate filed a Complaint for Declaratory Judgment [1] in this Court, invoking diversity jurisdiction and naming Johnson and the Davises as Defendants. Compl. [1] at 1. The Complaint appears to advance a state-law claim for declaratory judgment that there is no liability coverage under the Policy for the Davis Defendants' claims against Johnson, and that Allstate owes no duty to defend Johnson in the state-court action. *See id.* at 6-7. The Davis Defendants each filed

2

an Answer [5], [11] through counsel, but Johnson has never appeared in this action. On February 7, 2019, the Clerk made an Entry of Default [8] as to Johnson.

On October 23, 2019, the Davis Defendants' attorney moved to withdraw, *see* Mot. [72], which the Magistrate Judge allowed as unopposed, *see* Nov. 19, 2019, Text Order. The Magistrate Judge granted the Davis Defendants until December 19, 2019, "to have new counsel enter an appearance on their behalf or to provide written notice to the Court that they intend to represent themselves in this action." *Id.* The docket reflects that, in contravention of the Magistrate Judge's Order, the Davis Defendants neither had new counsel appear, nor have they ever provided written notice to the Court whether they intended to represent themselves.

Before the Davis Defendants' attorney withdrew from the case, he served Allstate with their responses to Allstate's written interrogatories; however, these responses were not signed by the Davises, or nor were they answered under oath. They had only been executed by counsel. *See* Resp. [77-1] at 1-20; Resp. [77-2] at 1-18; Mot. [77] at 1; *but see* Fed. R. Civ. P. 33(b)(1)(A) (requiring that interrogatories be answered "by the party to whom they are directed"); Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers [to interrogatories] must sign them, and the attorney who objects must sign any objections."). On March 16, 2020, Allstate filed a Motion [77] to Compel pursuant to Federal Rule of Civil Procedure 37, seeking an Order compelling the Davis Defendants to respond to the interrogatories by signing them and answering them under oath. *See* Mot. [77] at 2. The Davis Defendants did not respond to the Motion [77] to Compel, and the Magistrate Judge granted it

3

on April 1, 2020. *See* Apr. 1, 2020, Text Order. The Magistrate Judge ordered the Davis Defendants "to provide sworn answers to Plaintiff's interrogatories, signed under oath by the respective Defendants," and to "serve their respective sworn, signed answers no later than April 17, 2020," along with a notice to the Clerk that they had done so. *Id.* To date, the Davis Defendants have never filed the aforementioned notice or otherwise indicated that they have complied with the Magistrate Judge's Order.

On June 17, 2020, Allstate filed a Motion [79] for Default Judgment and Declaratory Judgment Against All Defendants. Allstate seeks a default judgment against Johnson for her failure to appear or respond to its Complaint, and against the Davis Defendants as a sanction for willfully violating the Court's Order compelling discovery. *See* Mot. [79] at 2-3. The Davis Defendants were both served with Allstate's Motion [79], *see id.* at 8 (Certificate of Service), but to date neither has responded to it.

## II.   DISCUSSION

A.   Allstate's request for default judgment as to Johnson

Upon Allstate's request, the Clerk entered Johnson's default because she had failed to plead or otherwise defend. *See* Entry of Default [8] at 1; *see also* Fed. R. Civ. P. 55(a). Johnson has not appeared or asked the Court to set aside that default, and Allstate now seeks a default judgment against Johnson. *See* Mot. [79] at 2-3; *see also* Fed. R. Civ. P. 55(b)(2). The Court finds that Allstate's request for

4

default judgment against Johnson is well taken and should be granted under Federal Rule of Civil Procedure 55(b)(2).

B.  Allstate's request for default judgment as to the Davis Defendants

The Davis Defendants have each filed an Answer in this case, but Allstate seeks a default judgment against them pursuant to Federal Rule of Civil Procedure 37(b)(2) as a sanction for willfully violating the Court's Order compelling discovery. *See* Mot. [79] at 2-3.[1]  Allstate filed its Motion [79] for Default Judgment on June 17, 2020, and provided notice of its Motion to each Davis Defendant.  *See id.* at 8; *see also* Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.").  Neither of the Davises has responded to the Motion [79], nor have they filed anything of record since the Motion [79] was filed.

Under Rule 37(b)(2), if a party fails to obey an order to provide discovery, "the court where the action is pending may issue further just orders," including "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(vi).  According to the United States Court of Appeals for the Fifth Circuit, the Court may enter a default judgment as an appropriate sanction "when the disobedient party has failed to comply with a court order because of willfulness, bad faith, or other fault on its part, as opposed to its inability to comply with the

---

[1] Allstate also cites Rule 37(e), *see* Mot. [79] at 3, but it does not appear to be applicable here.  Rule 37(e) relates to failure to preserve electronically stored information.  *See* Fed. R. Civ. P. 37(e).

5

court's order." *Tech. Chem. Co. v. IG-LO Prod. Corp.*, 812 F.2d 222, 224 (5th Cir. 1987).

In this case, the Davis Defendants failed to obey the Magistrate Judge's April 1, 2020, Text Order to provide sworn answers to Allstate's interrogatories by April 17, 2020, and failed to file a notice with the Clerk advising that they had done so. *See* Apr. 1, 2020, Text Order. The Davis Defendants have not filed anything of record since their attorney withdrew on November 19, 2019, and Allstate's Motion [79] represents that the Davis Defendants have never provided sworn answers to interrogatories. This case cannot proceed unless Allstate is permitted written discovery, and the Davis Defendants have thwarted that effort.

The Davis Defendants failed to obey the Court's Order, *see* Apr. 1, 2020, Text Order, have completely failed to participate in this litigation since their attorney withdrew over a year ago, and have not complied with at least one other Court Order, *see* Nov. 19, 2019, Text Order. Every indication in the record is that the Davises' failure to comply with the Court's Orders is due to willfulness, bad faith, or other fault on their part, as opposed to an inability to comply. *See Tech. Chem. Co.*, 812 F.2d at 224. Given the record in this case, the Court finds that a default judgment should be entered against the Davis Defendants. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi).

Because the Court does not need to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter to enter or effectuate a judgment, it will grant Allstate's Motion

6

[79] for Default Judgment without a hearing.  *See* Fed. R. Civ. P. 55(b)(2); *A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd.*, 784 F. App'x 221, 226 n.6 (5th Cir. 2019).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [79] for Default Judgment and Declaratory Judgment Against All Defendants filed by Plaintiff Allstate Indemnity Company is **GRANTED**.  A separate Default Judgment will be entered.

**SO ORDERED AND ADJUDGED**, this the 14th day of December, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE